IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **:   CRIMINAL NO. 1:CR-05-187** |
| | : |
| **v.** | : |
| | : |
| **KELIN MANIGAULT** | : |

**M E M O R A N D U M**

I. **Background**

On May 11, 2005, a five-count indictment was lodged against Kelin Manigault. On November 3, 2005, Defendant pleaded guilty to Counts II and V pursuant to a plea agreement. A presentence report was prepared which revealed that Defendant had convictions for drug trafficking and a separate conviction for recklessly endangering another person in Dauphin County Court of Common Pleas to docket number CP 22CR 3590-1998 (Presentence Report at ¶¶ 23, 25, 26). The presentence report found that the defendant qualified as a career offender under U.S.S.G. § 4B1.1. At sentencing, trial counsel challenged whether defendant's conviction for recklessly endangering qualified as a crime of violence and, therefore, whether he was a career offender. This court denied the objection and proceeded to sentence Defendant.

On March 21, 2006, Defendant appealed the judgment of conviction to the United States Court of Appeals for the Third Circuit which assigned the appeal to docket number 06-2024. Defendant raised three grounds, including the designation as a career offender. The conviction was affirmed on April 13, 2007. The court of appeals in its opinion specifically held that the charge of reckless endangering

another person under 18 Pa. Cons. Stat. Ann. § 2705 was a crime of violence as defined by U.S.S.G. § 4B1.2(a).

On July 10, 2008, Defendant filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.[1]  The petition alleges that (1) Defendant's trial counsel was ineffective for failure to file a motion to compel the production of official documents supporting Defendant's conviction for recklessly endangering another person; (2) Defendant's trial and appellate counsel were ineffective for failing to adequately develop the argument that the charge of recklessly endangering another person was not a crime of violence; and (3) trial counsel was ineffective for failure to object to the Government's argument at sentencing that Defendant was appropriately classified as a career offender.  The motion has been briefed and is ripe for resolution.

## II. Legal Standard

In *Strickland v. Washington*, 486 U.S. 668 (1984), the Supreme Court established a two prong test to determine when a defense counsel's representation was so inadequate as to warrant reversal of a conviction.  A defendant first must establish his counsel's representation was constitutionally deficient.  *Id.* at 687.  This standard is met if counsel's performance "fell below an objective standard of reasonableness."  *Id*. at 668.  A court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.

The second *Strickland* prong is reached only when the first exists.  If so, a defendant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id*. at

---

[1] The petition is timely as it was filed within one year of April 13, 2007 plus ninety (90) days during which the Petitioner could have filed a petition for writ of certiorari.

694.  A defendant must show more than "that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693.  The error must be "sufficient to undermine confidence in the outcome." *Id*. at 694.  With this standard in mind, Defendant's allegations will be addressed.

## III. Discussion

### A. Failure to Produce Court Records of Conviction for Charge of Recklessly Endangering Another Person

The Third Circuit Court of Appeals has held that when considering whether a conviction is a crime of violence under the career offender guidelines, a court "should begin with the language of the statute and if it is clear, it should not look beyond the statute's text to the actual conduct." *United States v. Siegel*, 477 F.3d 87, 90 (2007).

In the instant case on appeal (*United States v. Manigault*, 228 Fed. Appx. 183 (3d Cir. 2007), the court reviewed the underlying crime in a categorical fashion and was done without consideration of the underlying facts.  The court held "we look only to the elements of the charges and not the underlying fact in determining whether a particular conviction qualifies as a crime of violence." *Id.* at 186. Defendant suffered no prejudice as a result of counsel's failure to file a motion to compel the production of the charging documents as the records would not have altered the categorical determination that the conviction qualified him as a career offender.  This is the law of the case.

### B. Failure of Trial and Appellate Counsel to Analogize the Career Offender Definition of "Crime of Violence" to Immigration Violations under Title 18 U.S.C. §16(a)

There is a distinction Between 18 U.S.C. § 16 and U.S.S.G. § 4B1.2. Defendant argues that sentencing counsel's failure to adequately develop the

argument that reckless endangerment is not a crime of violence was objectively deficient. Defendant puts forth the following syllogism.

- (1) 18 U.S.C. § 16 and U.S.S.G. § 4B1.2 "must be given a consistent interpretation inasmuch as the Sentencing Commission has no authority to promulgate a guideline that is inconsistent with a federal statute." *United States v. Labonte,* 520 U.S. 751 (1997).
- (2) A reckless crime cannot constitute a crime of violence under 18 U.S.C. § 16. *Leocal v. Ashcroft*, 543 U.S. 1 (2004); *Singh v. Gonzales*, 423 F.3d 533 (3d Cir. 2006).
- (3) Therefore, a reckless crime cannot constitute a "crime of violence" under U.S.S.G. § 4B1.2.

Defendant's argument fails because Defendant makes two incorrect assumptions in order to conclude that the 18 U.S.C. § 16 and U.S.S.G. § 4B1.2 "must be given a consistent interpretation."

First, Defendant incorrectly assumes that the Sentencing Commission exceeded its authority by deviating from the congressional definition of "crime of violence" in 18 U.S.C. § 16. *See United States v. Parsons*, 955 F.2d 858, 866 (3d Cir. 1992) (holding that "the Commission has the power to expand the category of career offenders (although not to make it smaller) . . ."). As the Third Circuit noted in *United States v. Stubler*, 271 Fed. Appx. 169, 171 (3d Cir. 2008), *Parsons* foreclosed the "argument that reckless endangerment offenses should not be considered 'crimes of violence.' " The Third Circuit acknowledged the post-*Leocal* validity of *Parsons* in *Tran v. Gonzales*, 414 F.3d 464, 470 n.5, by reconciling and distinguishing the holding in *Parsons* regarding crimes of violence under U.S.S.G. § 4B1.2 with its instant holding regarding crimes of violence under 18 U.S.C. § 16.

Second, the Defendant incorrectly assumes that because 18 U.S.C. § 16 and U.S.S.G. § 4B1.2 both use the term "crime of violence" that the term necessarily has the same meaning in both provisions. The context of the use of the term, however, supports the Third Circuit's differing interpretations of the term under the two provisions.

4

Under 18 U.S.C. § 16(b), the term "crime of violence" means, *inter alia*, "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Under U.S.S.G. § 4B1.2, the term "crime of violence" means, *inter alia*, "any offense . . . punishable by imprisonment for a term exceeding one year, that . . . otherwise involves conduct that presents a serious potential risk of physical injury to another."

As the Supreme Court pointed out in *Leocal*, the phrase substantial risk in 18 U.S.C. § 16(b) does not encompass "all negligent misconduct," but rather "covers offenses that naturally involve a person acting in disregard of the risk that physical force might be used against another in committing the offense." *Leocal*, 541 U.S. at 10. In a footnote, the Court notes that the "substantial risk" relates to "the use of force, not to the possible effect of a person's conduct." *Id.* n.7. In making this distinction, the Court explicitly distinguishes the substantial risk of use of force in 18 U.S.C. § 16(b) and the phrase "serious potential risk of injury to another" used in U.S.S.G. § 4B1.2. In other words, U.S.S.G. § 4B1.2 concerns "serious risk" of a "possible effect" of a person's conduct whereas 18 U.S.C. § 16 concerns "substantial risk" that an individual may "use" force against another in committing the offense.

In sum, Defendant's arguments rest on faulty assumptions explicitly rejected in *Leocal* and non-precedential Third Circuit opinions. Those non-precedential opinions are listed below.

First, in *United States v. Coates*, 235 Fed. Appx. 944, 947 (3d Cir. 2007), the Third Circuit, in an unpublished opinion, affirmed the district court's finding that "the text of Pennsylvania's reckless endangerment statute, 18 Pa. Con. Stat. Ann. § 2705, satisfies the definition of crime of violence in § 4B1.2(a)(2)."

Second, in *United States v. Stubler*, 271 Fed. Appx. 169, 171(3d Cir. 2008), the Third Circuit, in an unpublished opinion, rejected the defendant's argument that "reckless endangerment offenses should not be considered 'crimes of violence' " for the purpose of determining whether an individual is a Career Offender under the Guidelines. The court ruled that *United States v. Parsons*, 955 F.2d 858, foreclosed the defendant's argument. Moreover, the court specifically rejected the defendant's argument that *Singh v. Gonzales*, 432 F.3d 533 and *Tran v. Gonzales,* 414 F.3d 464, supported the defendant's position. The Court noted that the language in the Guidelines "no longer track[s]" the language in 18 U.S.C. § 16 used in immigration law.

Third, in *United States v. Manigault*, 228 Fed. Appx. 183, 186 (3d Cir. 2008), the Third Circuit affirmed the district court's finding that "a violation of 18 Pa. Con. Stat. Ann. § 2705 is a crime of violence . . . ." for purposes of determining whether a defendant is a Career Offender under the Guidelines.

Fourth, in *United States v. Webb*, 201 Fed. Appx. 890, 897 (3d Cir. 2006), the Third Circuit, in an unpublished opinion, affirmed the district court's finding that "aggravated assault," a crime which includes "recklessly" causing serious bodily injury, constitutes a "crime of violence" under U.S.S.G. § 2k2.1(a)(3).

Other district court's have followed this line of unpublished opinions. For example, in *United States v. Veshio*, 2008 WL 474272 (W.D. Pa. 2008), the district court relied on *Manigault* in reaching its conclusion that "Recklessly Endangering Another Person" under 18 Pa. Con. Stat. Ann. § 2705 constitutes a "crime of violence for the purpose of the career sentencing enhancement in U.S.S.G. § 4B1.2."

The flaws in Defendant's arguments combined with the weight of non-precedential Third Circuit opinions make Defendant's arguments unpersuasive.

6

Defendant has not presented a persuasive argument that there is a reasonable likelihood that the Third Circuit would have ruled differently if sentencing counsel had raised the arguments regarding whether a reckless crime may constitute a "crime of violence" under U.S.S.G. § 4B1.2.  Defendant has not met the *Strickland* prongs on this issue.

### C. Failure of Trial Counsel to Object at Sentencing to the Government's Advocacy that the Career Offender Classification was Appropriate

Defendant essentially argues that the Government's argument that the career offender classification was appropriate amounted to a breach of the plea agreement.  The Government correctly cites that there is a three step process for determining whether the Government has breached a plea agreement: "1) a review of the terms of the plea agreement and the conduct of the government; 2) a review of whether the conduct of the government violated the terms of the agreement; and 3) a determination of what is the appropriate remedy if the court concludes that a violation occurred.  *United States v. Moscahlaidis*, 868 F.2d 1357, 1360 (3d Cir. 1989).  A review of the plea agreement reveals that paragraph 13 is pertinent to this analysis.

> Paragraph 13 of the plea agreement reads:
>
> At the time of sentencing, the United States will make no specific recommendation as to the length or type of sentence.  However, the United States reserves the right to rebut any defense argument that the Probation Office has erred in its calculation of the appropriate Guideline sentence.  Further, the United States will recommend that the sentence imposed be within the applicable guideline range.

In the second sentence of the paragraph above, the Government explicitly reserved the right to rebut any defense argument concerning an alleged error in the guideline computation.  At sentencing, the Government presented such a

7

rebuttal argument. (Doc. 50, Tr. of Sent. Hrg., p. 7, line 22 - p. 8, line 16.) This was appropriate and not a breach of paragraph 13 of the plea agreement.

The last sentence of paragraph 13 – that the Government "will recommend that the sentence imposed be within the applicable guideline range" – is exactly what happened. Counsel for the Government stated, "The government's position is the guidelines are appropriate in this instance." . (Doc. 50, Tr. of Sent. Hrg., p. 16, lines 20-21.)

This court finds no breach of the plea agreement by the Government and any failure of counsel to object to the Government's responses at sentencing does not rise to the level of ineffectiveness.

## IV. Conclusion

For the reasons set forth above, this court does not find that either trial counsel or appellate counsel were incompetent in their representation of Defendant. An appropriate order will be issued.

s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: September 11, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**     :     **CRIMINAL NO. 1:CR-05-187**
: 
**•**     :
:
**KELIN MANIGAULT**     :

# <u>O R D E R</u>

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

     1) The motion filed pursuant to 28 U.S.C. § 2255 is **DENIED**.

     2) This court declines to issue a certificate of appealability.

     3) The Clerk of Court shall close the file.

                                            s/Sylvia H. Rambo
                                            SYLVIA H. RAMBO
                                            United States District Judge

Dated: September 11, 2008.