IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **CRIMINAL NO. 1: CR-05-187**

v. :

**KELIN MANIGAULT** :

FILED
JUL 28 2015
PER _____
HARRISBURG, PA DEPUTY CLERK

## MEMORANDUM

Before the court is a motion from Defendant, presently proceeding *pro se*, for relief pursuant to Amendment 782 to the United States Sentencing Guidelines, 18 U.S.C. § 3582 (Doc. 89). For the reasons that follow, the motion will be denied.

At Manigault's original sentencing, he was sentenced to a term of 235 months, based upon the Drug Quantity Table at 2D1.1, because the drug guideline, when all of the enhancements were taken into account, was higher than the career offender guideline range.[1] Because Manigault was sentenced pursuant to the drug guideline, he benefitted from the 2008 crack cocaine amendment and his sentence was reduced from 235 to 188 months on August 6, 2008.

Manigault, however, is ineligible for further reduction as to Amendments 750 and 782, because these amendments drop Manigault's guideline range below the career offender range. Thus, the career offender range trumps the

---

[1] The career offender enhancement at U.S.S.G. 4B1.1(b), provides that ". . . if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply."

"otherwise applicable" guideline range. *See* U.S.S.G. §4B1.1(b). Thus, Manigault's motion for reduction pursuant to Amendment 782 will be denied. An appropriate order will be issued.

                                                                                     SYLVIA H. RAMBO
                                                                                     United States District Judge

Dated: July 28, 2015.